Voorhees, J.
This case is in this court upon appeal. The plaintiff’s action is for an accounting for royalties under a lease made by his testator, Henry Seeman, to the defendant company’s assignor, one John S. Seiberling.
*312 Plaintiff asks that an account of the amount of clay mined' and removed under the lease by the defendant company, and the amount due therefor may be ascertained.
The defendant answers, setting up two defenses. The first defense is a denial of liabilities of plaintiff under said lease.
The second defense sets up a contract of lease made by Henry Seeman to J. S. Seiberling; that on August ist, 1888, Seiberling sold and assigned said lease to the Superior Mining Company; and on the 3rd day of November, 1888, the said Superior Mining Company paid to the plaintiff and Mary Seeman, the sum of thirty-five hundred dollars, thereby be coming the owner of all the coal and clay#free from royalty to the plaintiff.
A third defense is set up alleging, that on the 23rd day of November, 1888, the said Mary Seeman and Charles Seeman, as executors of the will of said Henry Seeman, entered into an agreement with the said Superior Mining Company, in writing, whereby it was agreed that if the said Superior Mining Company should pay to said executors, the sum of thirty-five hundred dollars in cash, for all royalties then due under said lease and to become due thereunder, at once, that the said executors would accept the same as payment in full for all royalties under said contract then due and to become due, and they would further give and grant to said company the exclusive right to use the lands lying between the railroad track and the line fence; that said company paid said sum of thirty-five hundred dollars in cash, or its equivalent, under said contract and lease.
The plaintiff files a reply, putting in issue the answer of the defendant company.
The material question to be considered is the legal effect and true construction to be given to the instrument of writing, entered into with the executors of the will of Henry Seeman and the Superior Mining Company, which is in the words following: “Received of the Superior Mining Company thirty-five hundred dollars ($3500.00), being the amount in full for all royalties or amounts due, or to become due, from said Mining Company under the lease or contract made between Henry Seeman and J. S. Seiberling, dated April 13th, 1887.”"
*313 It is not claimed that this instrument was obtained either by fraud or by mutual mistake entitling the plaintiff to relief against its terms by reformation of the instrument. If the instrument will bear the construction contended for by the defendant company, namely, that it is a receipt and also a contract to the effect that the parties came to a settlement of all matters of account then existing between them, and agreed upon the balance due, or to become due, from one to the other under said lease, and when executed, and the thirty-five hundred dollars were paid to the executors, that it was intended to be and was in fact in full settlement and discharge of all •royalties that were due, or to become due, under the contract •of lease between said Seeman and Seiberling, then the plaintiffs cannot recover in this action, as it would be a settlement and payment for not only the royalties for the coal, but also for royalties for the clay, which were contemplated might be mined under the original lease or contract.
This raises two questions:
First. Is the writing merely a receipt, or is it more than a •receipt, embracing within its terms a contract of settlement. If it is more than a receipt, then it is such an instrument of ■writing that parol testimony would not be competent to contradict or vary its terms, without first laying the foundation that would authorize a court of equity to reform the instrument.
Second. If on the other hand it is simply a receipt, then under the well settled rule of law, it could be explained by parol evidence to show that it did not express the real intention of the parties giving the receipt. But if it is a contract and a receipt combined, then the rule of law is different.
In Jackson v. Ely, Ex., 57 Ohio St., 450, it was "held: “A written instrument in the following terms:
‘$15.50 Wooster, Ohio, May 13th, 1890.
'This is to certify that I have this day settled with John Fly, and he has paid me all he owed me, up to this date, and I have no claims or demands against him of any kind whatsoever,
‘Mrs. Wm. Jackson.”
is not a mere receipt, but contains an agreement to the effect that the parties have come to a settlement of all accounts then *314 existing between them, and agreed upon the balance due from-one to the other; its terms clearly import that all matters of account existing between the parties at the time were included, in the settlement; and as parol evidence which tends to prove that certain matters of account, then existing, were not included in the settlement, would contradict the writing in this respect, it is not admissible.” Stone v. Vance et al., 6 Ohio, 246; Bird v. Hueston, 10 Ohio St., 418, 421, 430; Gass v. Ellison, 136 Mass., 503.
RichaMs & McCullough, for Plaintiff in Error.
■Neely & Patrick, for Defendant in Error.
We are of opinion, and hold, that the instrument of writing in the case at bar is a contract as well as a receipt; and its-terms as far as it is a contract cannot be contradicted or explained by parol evidence.
If it had been intended for a receipt merely, why should it cover amounts to become due in the future? It embraces not only royalty then due, but- to become due, and the evident intention of the parties was, that it should include all royalties-that were to be paid under the contract or lease for coal as well' as royalty on clay. The purpose of the parol testimony offered' by the plaintiff was to show that the royalty on the cla)^ was not covered, or intended to be covered by the receipt of November 23rd, 1888, but only royalties upon coal. In the absence of allegations of fraud or mutual mistake in the execution of the instrument, we think the evidence was incompetent for this purpose, as it would vary and contradict the terms of the contract, and, without allegations in the pleadings that would justify its reformation, parol evidence is inadmissible.
Under the contract and receipt as made, the plaintiff is concluded by its terms, and he is not entitled to the relief prayed for in his petition.
Decree *for defendant dismissing the plaintiff’s petition and costs.